[Docket No. 6]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                :
AMDIJE TOSKA,                   :
                                : Civil No. 14-3379 (RMB/KMW)
              Plaintiff,        :
                                :
         v.                     :    **MEMORANDUM ORDER**
                                :
STATE POLICE, et al.,           :
                                :
              Defendants.       :
_____:

        THIS MATTER comes before the Court upon a motion to

dismiss the Amended Complaint by Defendants New Jersey Transit

and Joseph Iannacone (collectively "Defendants"). [Docket No. 6].

For the reasons set forth below, the Court <u>sua</u> <u>sponte</u> dismisses

the Amended Complaint, <u>in</u> <u>part</u>, and Plaintiff will be permitted

an opportunity to amend her complaint.  Defendants' motion will

be dismissed as moot.

     Plaintiff Amdije Toska's Amended Complaint states, in its

entirety, the following:

     A short version of the story → I walked into the bus
     station and was kicked out immidiately (sic).  After
     being shoved and kicked out [of] the bus station, I was
     pushed to the ground [and] beat by an officer.

     Plaintiff's claims are stated as:

     1. "Harrassment - N.J.S.A.
        2C-33-4"

2.  "Discrimination - N.J.S.A.
    10:5-12"

3.  "Battery"

4.  "Title 42 of the U.S. Code
    Section 1983."

See Docket No. 1, Exhibit H.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1)  [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)  [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)  [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

In addition, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 311 (Fed Cir. 2009).

Here, the Amended Complaint does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief.  Plaintiff alleges harassment and discrimination but avers no facts to support her claim.  She alleges battery and presumably excessive force in violation of § 1983 and that she was "beat by an officer."  She does not allege who the officer is but presumably it is the defendant, Joseph Iannacone.

The Court recognizes that Plaintiff is proceeding <u>pro se</u>,

and therefore her pleading should be liberally construed.  This Court, however, should not have to speculate what Plaintiff's claims are, as Defendants do.  <u>Cf.</u> <u>Goodwin v. Castille</u>, 465 Fed. Appx. 157, 163 (3d Cir. 2012) ("<u>sua</u> <u>sponte</u> dismissal under Rule 12(b)(6) is proper after service of process").

Accordingly,

IT IS ON THIS **11th** day of **February** **2015**, **ORDERED** that Counts 1 and 2 of Plaintiff's Complaint are DISMISSED without prejudice; and

IT IS FURTHER **ORDERED** that Plaintiff shall have an opportunity to file an amended complaint curing the deficiencies of Counts 1 and 2 as well as clarifying the identity of the "officer" in Counts 3 and 4 within 20 days of the entry of this Order; and

IT IS FURTHER **ORDERED** that if Plaintiff fails to file an amended complaint this matter may be dismissed in its entirety with prejudice; and

IT IS FURTHER **ORDERED** that Defendants' motion to dismiss is dismissed as moot.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge