[Dkt. No. 90]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMDIJE TOSKA,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER JOSEPH IANNACONE, NJT,<br>NJTPD, NJT CORP.,<br><br>    Defendants. | Civil No. 14-3379 (RMB/KMW)<br><br>**OPINION** |

THIS MATTER comes before the Court upon the Motion to Dismiss filed by defendants New Jersey Transit, Officer Joseph Iannacone, and the New Jersey Transit Police Department (collectively, the "Defendants"). For the reasons set forth herein, the Motion is Granted, in part, and Denied, in part. The procedural history of this case is protracted and complicated, to say the least. It is accurately set forth in Defendants' moving papers and set forth herein.

On February 7, 2014, Plaintiff filed a civil complaint against the Defendants, State Police, NJ Transit, and Joseph Iannacone in the Superior Court of New Jersey, Law Division, Atlantic County under docket number ATL-L-586-14. [Docket No. 1-3, at 2]. On April 8, 2014, Defendant NJ Transit filed a motion for a more definite statement pursuant to N.J. Ct. R. 4:6-4. [Docket No. 1-5, at 2].

1

On May 19, 2014, Plaintiff filed an amended complaint against NJ Transit and Joseph Iannacone in the Superior Court of New Jersey, Law Division, Atlantic County under docket number ATL-L-586-14 alleging violations of N.J. Stat. Ann. § 2C:33-4, N.J. Stat. Ann. § 10:5-12, N.J. Stat. Ann. § 2C:12-1, and 42 U.S.C. § 1983. [Docket No. 1-11, at 2-3]. On May 28, 2014, Defendants NJ Transit and Iannacone filed a notice of removal removing this matter to the United States District Court for the District of New Jersey. [Docket No. 1, at 1]. On June 18, 2014, Defendants moved to dismiss Plaintiff's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Docket. No. 6, at 1-2].

On February 11, 2015, this Court dismissed Counts I and II of Plaintiff's first amended complaint, granted Plaintiff leave to file a second amended complaint within twenty days, and dismissed Defendants' motion to dismiss as moot. Fed. R. Civ. P. 12(b)(6). [Docket No. 12, at 1-3].

On April 7, 2015, this Court closed this action due to Plaintiff's failure to comply with L. Civ. R. 10.1(a). [Docket. No. 15, at 1-2].

On August 25, 2015, Plaintiff filed a second amended complaint. [Docket. No. 18, at 1]. On September 4, 2015, Defendants NJ Transit and Iannacone filed an application for a clerk's extension. [Docket. No. 20, at 1-2]. On September 8, 2015, Defendants NJ Transit and Iannacone's application was granted, and this matter was re-opened. [Docket. No. 21, at 2].

On September 21, 2015, Defendants moved to dismiss Plaintiff's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). [Docket. No. 22, at 1-2]. On September 29, 2015, Plaintiff filed a motion for summary judgment. [Docket. No. 23]. On October 8, 2015, Plaintiff filed a motion for discovery. [Docket No. 26].

On November 5, 2015, the Court dismissed Plaintiff's motion for summary judgment as procedurally and substantively deficient. [Docket. No. 32]. On November 10, 2015, Plaintiff filed a document which the Court construed as a supplement to Plaintiff's previously filed pleadings and instructed Defendants that they could file supplemental briefing in support of their motion to dismiss. [Docket. Nos. 33, 35].

On December 21, 2015, the Court held an in person status conference and Plaintiff sent the Court a letter asking that her entire case be dismissed. [Docket Nos. 46-47]. The Court, therefore, dismissed the case without prejudice on December 23, 2015. [Docket. No. 47].

Plaintiff sent the Court several letters regarding the status of the case over the next year and several months [Docket. Nos. 48-52]. On April 10, 2017, the Court directed the Defendants to respond to Plaintiff's letters as a motion for relief under Fed. R. Civ. P. 60. [Docket. No. 53]. The Defendants complied with the Court's Order on May 1, 2017. [Docket. No. 58].

On May 31, 2017, the Court held oral argument on Plaintiff's letters seeking re-instatement of the case and a status conference. [Docket. Nos. 69-70].

On June 1, 2017, the Court entered an Order granting Plaintiff relief from the dismissal of her case pursuant to Fed. R. Civ. P. 60. The Court directed Plaintiff to file a one-page pleading setting forth her claims in this case as well as the specific facts that support those claims. The Court also denied the Defendants' pending motion to dismiss in lieu of answer without prejudice as moot given the anticipated filing of an amended pleading by Plaintiff. [Docket. No. 72].

On June 5, 2017, Plaintiff filed an amended pleading pursuant to the Court's June 1, 2017 Order. [Docket. No. 73]. The pleading is docketed as Docket No. 73, although the Court construes the pleading more broadly, as discussed herein.

On July 28, 2017, the Court entered an Order allowing Defendants until August 3, 2017, to file a responsive pleading as to Plaintiff's third amended complaint.

I.  Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in

fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990). Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. Only the allegations in

the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

Defendants first contend that New Jersey Transit, the New Jersey Transit Police Department, and Officer Iannocone should be dismissed because they are entitled to claim immunity under the Eleventh Amendment. The Court agrees. Since the filing of the Defendants' motion, the Third Circuit has held that New Jersey Transit and New Jersey Transit Officers in their official capacities are protected by Eleventh Amendment immunity. Karns v. Shanahan et al, 879 F.3d 504, 519 (3d Cir. 2018). These claims are therefore dismissed.

The only remaining Defendant is Joseph Iannacone. Although Defendants are correct that the Court directed Plaintiff to file a one-page pleading document setting forth her claims, and an amended complaint supersedes the original and renders it of no legal effect, the Court will not confine Plaintiff to what is contained in Docket No. 73, given her pro se status and this Court's obligation to construe the pleadings liberally. Plaintiff's original pleading, as best this Court can ascertain, alleges that Defendant Iannacone "[threw] me on the ground . . . . I awoke with him on top of me with his knee on my back and him twisting my arm . . . . I begged him to get off of my

6

wrist, he was twisting it [too] hard.  He then twisted it harder.  I begged him to get off of me because I couldn't breathe, he then dug his knee deeper as I was still yelling get off me . . . and bashes my head even harder against the building." [Docket No. 1-3].  The Court construes such claim as a claim for excessive force under 42 U.S.C. § 1983, and this claim shall proceed against Defendant Iannacone in his individual capacity.[1]

The Court also notes that Plaintiff alleges various causes of action against various unknown defendants for arrests occurring on January 23, 2014, February 19, 2014, and July 29, 2014.  It is not at all clear, putting aside the issue of the statute of limitations, how these defendants were involved at all in these arrests.  If Plaintiff wishes to pursue such claims she will need to file a motion for leave to amend the complaint.

Accordingly, for the foregoing reasons, the motion is granted, in part, and denied, in part.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Melo v. Hafer, 912 F.2d 628, 635-636 (3d Cir. 1990), the Court finds that the complaint could be construed as asserting a claim against Iannacone in his individual capacity.